HARVEY DeGRAW, PETITIONER-DEFENDANT, v. TODD SHIPYARD CO., RESPONDENT-PROSECUTOR.

Argued October 2, 1945—Decided November 13, 1945.

Before Justices CASE, BODINE and PERSKIE.

For the respondent-prosecutor, *Kalisch & Kalisch* (*Isidor Kalisch*).

For the petitioner-defendant, *Isadore Rabinowitz* and *Hein & Smith*.

The opinion of the court was delivered by

BODINE, J. The Bureau awarded DeGraw compensation under our Workmen's Compensation Act. The Court of Common Pleas affirmed. The case is before us on *certiorari* and must be dismissed.

The sole question is whether our statute applied. The test is whether the workman was engaged, at the time of injury, in commerce or navigation upon navigable waters of the United States. See Workmen's Compensation and Maritime Law, 38 *Yale Law Rev.* 472.

DeGraw was employed by the prosecutor as a pipe fitter. At the time of his injury he was working upon a ship which had been a freighter and was being rebuilt in a drydock in New York Harbor. The vessel, when completed, would become an A. P. attack transport for Pacific duty. The vessel could not move till the refitting was done. The work was not in the nature of repairs but a rebuilding. See *Davis* v. *Department of Labor and Industries*, 317 *U. S.* 249. A naval vessel is not engaged in commerce under any circumstances.

Our cases of *March* v. *Vulcan Iron Works,* 102 *N. J. L.* 337, and *Davey* v. *Delaware, Lackawanna and Western Railroad,* 105 *Id.* 178, are inapplicable because in these cases mere repairs were being made. In this case, the freighter was out of commission at the time the accident occurred. When rebuilt she would be a naval vessel. The transformation would be complete. But we have seen that the test is whether the workman at the time of his injury was engaged in commerce or navigation and clearly he was not.

The writ will be dismissed, with costs.